**SO ORDERED.**

**TIFFANY & BOSCO**
P.A.

**2525 EAST CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192**

Dated: March 23, 2011



_____
**REDFIELD T. BAUM, SR
U.S. Bankruptcy Judge**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

11-04606

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>George Jack Fowler and Eileen Louise Fowler<br>Debtors.<br><br>Wells Fargo Bank, N.A.<br>Movant,<br>vs.<br><br>George Jack Fowler and Eileen Louise Fowler, Debtors, William E. Pierce, Trustee.<br><br>Respondents. | No. 2:11-BK-03226-RTBP<br><br>Chapter 7<br><br>ORDER<br><br>(Related to Docket #10) |

Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefore,

IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated September 13, 2005 and recorded in the office of the Yavapai County Recorder wherein Wells Fargo Bank, N.A. is the current beneficiary and George Jack Fowler and Eileen Louise Fowler have an interest in, further described as:

> Parcel no.1:All that portion of parcel 11 e as depicted in book 106 of land surveys, page 13 of official records, Yavapai County, Arizona, being shown as parcel 11e-1 on record of survey for land division recorded as book 116 of land surveys, page 19, being situate in section 31, township 16 north, range 1 east of the gila and salt river Base and meridian, Yavapai County, Arizona, being more particularly described as follows: beginning at a point 50 feet southerly from the northwest corner of parcel 11 e being a half-inch rebar and cap marked rls 23383 as referenced in book 106 of land Surveys, page 13, said point being the true point of beginning; thence north 00 degrees 01 minutes 11 seconds east, a distance of 49.92 feet to a half-inch rebar and cap marked rls 33861; thence south 89 degrees 51 minutes 39 seconds east, a distance of 332.06 feet to a half-inch rebar and cap marked rls 33861; thence south 00 degrees 16 minutes 49 seconds west, a distance of 262.28 feet to a half-inch rebar and cap marked rls 33861; thence north 89 degrees 51 minutes 48 seconds west, a distance of 110.77 feet to a half-inch rebar and cap marked rls 33861; thence north 89 degrees 51 minutes 48 seconds west, a distance of 220.09 feet to a half-inch rebar and cap marked rls 33861; thence north 00 degrees 01 minutes 11 seconds east, a distance of 212.38 feet to the true point of beginning; except all oil, gas and minerals as reserved in deed recorded as book 168 of deeds, page 188, records of Yavapai County, Arizona. Parcel no.2: an easement for ingress, egress and pu8lic utilities, as created in book 4204 of official records, page 764, records of Yavapai County, Arizona, over the north 50 feet of parcels 11c and lld as shown on record of survey recorded as book 106 of land surveys, page 13, records of Yavapai County, Arizona, being a portion of parcel 11, mingus meadows, according to the amended record of survey recorded as book 80 of land surveys, pages 68 and 69, records of Yavapai County, Arizona, being situated in section 31, township 16 north, range 1 east, of the gila and salt river Base and meridian, Yavapai County, Arizona.

IT IS FURTHER ORDERED that Movant may contact the Debtors by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with the Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against the Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.